UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                Plaintiff,<br><br>v.<br><br>DANIEL P. WALSH, DAVID HARRIS,<br>STEPHEN PALLISTER, WINDJAMMER<br>BAREFOOT CRUISES, LTD. and<br>WINDJAMMER BAREFOOT CRUISES, LTD.<br>401(K) PLAN,<br><br>                Defendants. | )<br>)<br>)   FILE NO.<br>)<br>)   _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **C O M P L A I N T**<br>)   **(Injunctive Relief Sought)** |

This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5).

    1. Jurisdiction hereof is conferred upon the Court by Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

    2. Venue of this action lies in the Southern District of Florida, the district where the Windjammer Barefoot Cruises, Ltd. 401(k) Plan (the "Plan") was or is administered, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

3. The Plan, is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

4. Daniel P. Walsh ("Walsh") was, during the relevant time period, Vice President of Windjammer Barefoot Cruises, Ltd. ("Windjammer") and has at relevant times acted as the Plan Administrator, and as such is, or at relevant times has been, a fiduciary with respect to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). As a fiduciary to the Plan and former Vice President of Windjammer, Walsh is or was a party in interest with respect to the Plan within the meaning of Section 3(14)(A), (B) and (H), 29 U.S.C. § 1002(14)(A), (B) and (H) of ERISA.

5. Stephen Pallister ("Pallister") is and was, during the relevant time period, the Protector of the 1999 Burke Trust (the "Trust"), which owns Windjammer Barefoot Adventures, Ltd., the holding company owning 100% of Windjammer's shares. As such, Pallister exercised discretionary control or authority over Windjammer's operations, including administration of the Plan and designation or approval of Walsh as Vice President of Windjammer and Plan Administrator of the Plan. Pallister is a fiduciary with respect to the Plan within the meaning of Section 3(21)(a) of ERISA, 29 U.S.C. § 1002(21)(A). As a fiduciary to the Plan and Protector of the Trust which owns Windjammer's shares, Walsh is or was a party in interest with respect to the Plan within the meaning of Section 3(14)(A), (B) and (H), 29 U.S.C. § 1002(14)(A), (B) and (H) of ERISA.

6. David Harris ("Harris") is and was, during the relevant time period, Director of Bujika, Ltd., the Trustee of the Trust, which owns Windjammer Barefoot Adventures, Ltd., the holding company owning 100% of Windjammer's shares. As such, Harris exercised discretionary control or authority over Windjammer's operations, including administration of the Plan and designation or approval of Walsh as Vice President of Windjammer and Plan Administrator of the Plan. Harris is a fiduciary with respect to the Plan within the meaning of Section 3(21)(a) of ERISA, 29 U.S.C. § 1002(21)(A). As a fiduciary to the Plan and Director of the Trustee, Harris is or was a party in interest with respect to the Plan within the meaning of Section 3(14)(A), (B) and (H), 29 U.S.C. § 1002(14)(A), (B) and (H) of ERISA.

7. Windjammer is a British Virgin Islands corporation, with a currently inactive license to do business in Florida. Windjammer, the Plan Sponsor, was at all relevant times a "fiduciary" to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of Section 3(14)(A) and (C) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

## Allegations Concerning Failure to Remit Employee Contributions and Loan Payments to the Plan

8. Windjammer adopted the Plan on January 1, 1996. The Plan documents were restated effective January 1, 2002.

9. The Plan was funded with employee contributions, which were withheld from participant employees' salaries and remitted to the Plan for deposit into participant-directed individual accounts.

3

10. The Defendants were responsible for deducting employee contributions and employee loan payments from participant employees' salaries and forwarding those contributions to the Plan. The Defendants were also responsible for administering the Plan, collecting contributions to the Plan and transferring and/or providing written instructions for the transfer or withdrawal of Plan funds.

11. During the period from January 9, 2006 through the paycheck date of September 21, 2007, Defendants withheld at least $19,190.70 in employee contributions to the Plan, failed to segregate these contributions from Windjammer's assets as soon as they reasonably could do so, and never forwarded these employee contributions to the Plan.

12. As a result of the failure to remit all employee contributions and the failure to do so on a timely basis, Defendants caused or allowed the Plan to incur losses of at least $19,190.70 plus $640.83 in lost earnings and lost opportunity costs through September 28, 2009.

13. During the period from January 9, 2006 through the paycheck date of September 21, 2007, Defendants withheld at least $4,696.99 in employee loan payments to the Plan, failed to segregate these loan payments from Windjammer's assets as soon as they reasonably could do so, and never forwarded these loan payments to the Plan.

14. As a result of the failure to remit all participant loan payments and the failure to do so on a timely basis, Defendants caused or allowed the Plan to incur losses of at least $4,696.99 plus $137.25 in lost earnings and lost opportunity costs through September 28, 2009.

15. Defendants knew or reasonably should have known of the failure to remit employee contributions and loan payments to the Plan and of the failure to do so on a timely basis.

16. Defendants failed to take action to remedy the failure to forward employee contributions and loan payments to the Plan.

17. Defendants failed to take action to ensure that the Plan received the payroll-deducted employee contributions and loan payments.

18. Defendants caused or allowed employee contributions and loan payments that were withheld from participant employees' payroll to be used for purposes other than providing benefits.

### Allegations Concerning Failure to Follow Plan Documents

19. Defendants failed to "administer the Plan for the exclusive benefit of the Participants and their Beneficiaries in accordance with the specific terms of the Plan," as required by the Plan document.

20. Defendants failed to discharge their "duties with respect to the Plan solely in the interests of Participants and their Beneficiaries, and with the care, skill, prudence and diligence under circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims," as required by the Plan document.

### Allegations Concerning Fiduciaries' Failure to Administer the Plan

21. The Plan has approximately 51 participants and assets of approximately $1,140,411 which are held by Merrill Lynch.

22. The Company ceased operations in or around 2007.

23. Since the Company ceased operations, Defendants have failed to administer the Plan and have effectively abandoned it, as a result of which participants are unable to receive information about their funds and are unable to gain access to their funds.

## Claims

24. By the actions described above, Defendants, as fiduciaries of the Plan:

(a) failed to discharge their duties with respect to the Plan, specifically by failing to ensure that the assets of the Plan never inure to the benefit of any employer and that the assets are held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §403(c)(1), 29 U.S.C. §1103(c)(1);

(b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

(c) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(d) failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D);

(e) breached their fiduciary duties by causing the Plan to engage in prohibited loan transactions which they knew or should have known constituted a direct or indirect lending of money or other extension of credit between the Plan and a party in interest in violation of ERISA § 406(a)(1)(B), 29 U.S.C. §1106(a)(1)(B);

(f) breached their fiduciary duties by causing the Plan to engage in prohibited transactions, which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of a party in interest, of any assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

(g) dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. §1106(b)(1); and

(h) acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

25. Defendants are each liable for the breaches of the other, pursuant to §405(a) of ERISA, 29 U.S.C. §1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of §405(a)(1) of ERISA, 29 U.S.C. §1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of §405(a)(2) of ERISA, 29 U.S.C. §1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable

efforts under the circumstances to remedy the breach, in violation of §405(a)(3) of ERISA, 29 U.S.C. §1105(a)(3).

WHEREFORE, pursuant to §502(a)(2) and (5) of ERISA, 29 U.S.C. §1132(a)(2) and (5), Plaintiff prays that the Court:

A.  Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations and to correct all prohibited transactions, also turning over to the Plan any funds by which the Defendants may have been unjustly enriched;

B.  Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by §1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, §1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. §1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C.  Remove Defendants from their positions as fiduciaries with respect to the Plan, and permanently bar them from serving as fiduciaries for, or having control over the asset of, any employee benefit plan subject to ERISA;

D.  Appoint a successor fiduciary or administrator to take over the operation of the Plan, distribute any proceeds which accrue to the Plan, and to terminate the Plan, at Defendants' expense;

E.  Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

F.  Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

G.  Award Plaintiff the costs of this action; and

H.  Provide such other relief as may be just and equitable.

Respectfully submitted,

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5435
(404) 302-5438 (FAX)
E-mail:
fisher.jeremy@dol.gov
casas.carla@dol.gov
ATL.FEDCOURT@dol.gov (Primary)

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel
Special Bar No. A5501354

/s/ Jeremy K. Fisher
JEREMY K. FISHER
Attorney
Special Bar No. A5501344

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.

SOL Case No. 10-10006